Pkarson, C. J.
 

 The note of Simmons is the bone of contention. Which of the two must bear the loss by reason of bis insolvency ? The defendant received the note in payment for the corn, and had become the owner of it; consequently, the loss falls on him ; as in
 
 Willard v. Perkins,
 
 Busb. Rep. 258, the loss of the rosin, which was burnt, fell on Williams ; for although he did not take it into possession, yet he ought to
 
 *98
 
 have done so ; and it became so far his property as to be then at his risk. Suppose the corn had been delivered to the plaintiff at the time of the sale, the loss of the note would then certainly have been on the defendant; he could not have maintained an action for the price of the corn ; that had been paid; nor for money had and received in respect of the note ; it was genuine ; so he got what he bargained for ; and herein it differs from the cases where that action has been sustained, the note received being counterfeit or forged ; nor for a deceit ; because there is no proof of fraud or of a scienter. So the question is, as the plaintiff did not call for the corn “by the last of February,” was it in the power of the defendant to avail himself of that circumstance, and by refusing to deliver it when it was afterward called for, shift the loss from himself, upon the plaintiff? We concur with his Honor, that he could not.
 

 Admit that the count for “money had and received,” in respect of the note cannot be sustained, for it was not in fact money, and the agreement of the parties to treat it as such, was only for the purposes of the trade, and extended no further; admit, also, that in strict law, the count on the special contract cannot be sustained, as the plaintiff was in default by not calling for the corn “by the last of February,” although, by the by, there is room to contend that these words do not fix a
 
 day
 
 certain, but leave the time open, so that the plaintiff might call for it during the latter part of February, or within a reasonable time thereafter, and the 13th of March was a reasonable time, under the circumstances, as the article to be delivered, was corn, which, at that season of the year, was housed and not particularly liable to be destroyed, or very inconvenient to keep, still the count for “money had and received,” can be sustained on the proof that the defendant had afterwards
 
 sold the corn.
 
 Whose corn was it ? The plaintiff had bought and paid for it, and and certainly did not forfeit his right to it by neglecting to call for it at the preciso time stipulated. The defendant was at liberty to charge storage for keeping it, and it was then at the plaintiff’s risk; so
 
 *99
 
 that had it been destroyed, the loss would have been his, as is held in
 
 Willard
 
 v.
 
 Perkins, supra;
 
 but, nevertheless, the plaintiff had a right to the corn, and, as the defendant sold it, the plaintiff had his election to sue him in a special action on the case for the conversion, or in assumpsit for the price received.
 

 The objection, that the corn was never set apart and Identified as the property of the plaintiff, although at first blush, plausible, is fallacious, in this: it was not incumbent on the defendant to measure up and set apart for the plaintiff four hundred and thirty-seven barrels of tlie corn; in hie absence, it would have been trouble for nothing; still, the plaintiff having- paid the price, had a right to four hundred and thirty-seven barrels of corn in the barn, at, and after the last of February, and the defendant, in selling all the corn in the barn, of necessity sold that to which the plaintiff had a right, and thereby subjected himself to the action for “money had and received,” which is based on the principle
 
 de bono et equo,
 
 and the defendant surely could not keep all of the money with a good conscience. Test it in this way: suppose the plaintiff, instead of the note of Simmons, had paid the price in actual money, would it have occurred to the defendant or any one else, possessng ordinary moral perception, that he could sell the corn or keep the whole of the price, so as to be paid twice for the same corn?
 

 If the defendant, instead of selling, had used the-corn, he would have been liable to a special action on the case.
 

 In
 
 Waldo
 
 v. Belcher, 11 Ired. Rep. 609, the corn was destroyed
 
 before
 
 the day when it was to 'have 'been delivered, which distinguishes it from
 
 Willard
 
 v.
 
 Perkins,
 
 and from this case. Had Spruill sold the com
 
 before the last of February,
 
 upon the authority of
 
 Waldo
 
 v.
 
 Belcher,
 
 the plaintiff could have maintained an action on the special contract, and as he sold it
 
 after
 
 the day, upon the authority of
 
 Willard
 
 v.
 
 Perkins,
 
 he can maintain -an action for the price received on the re-sale.
 

 Per Curiam,
 

 .-Judgment affirmed.